UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY VERA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOANCARE, LLC, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03436-SVK<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 19 |

## I.   BACKGROUND

This recitation of facts is taken primarily from the allegations of the First Amended Complaint (Dkt. 17 – "FAC"). This lawsuit concerns real property located at 2915 Glen Craig Court in San Jose, California (the "Property"). Dkt. 17 ¶ 1. In 2005, Plaintiff's parents, Ia Vepa Saipaia and Louise Saipaia, purchased the Property. *See id.* ¶ 2. A Deed of Trust was recorded on July 11, 2005, identifying First Federal Bank of California as the beneficiary in the amount of $619,500 on a loan made in connection with the purchase of the Property (the "Loan"). *Id.* ¶¶ 2-3. The borrowers were identified in the Deed of Trust as "Ia Vepa Saipaia and Louise Saipaia Trustees of The Saipaia Family Trust dated October 24, 2004." *Id.* ¶ 4. Plaintiff Amy Vera is the Successor Trustee under the Saipaia Family Trust, and as a result of the distribution of the assets of the Family Trust in 2023 is the owner of an undivided 50% interest in and to the Property. *Id.* ¶ 5.

Plaintiff's father (Ia Vepa Saipaia) and mother (Louise Saipaia), co-Trustees of the Family Trust, died in 2016 and 2021, respectively. *Id.* ¶ 14-15. Plaintiff's sister, Florence Louise Saipaia, who was at one time a co-Trustee of the Family Trust, died in 2021. *Id.* ¶ 16. Plaintiff is now the sole Trustee of the Family Trust. *Id.* ¶ 17.

At some point after the death of Plaintiff's parents, the Loan went into default. *See id.* ¶ 17. In November 2022, Defendants recorded a Notice of Default. *Id.* ¶ 28. Between December 2022 and February 2023, Plaintiff had a number of communications with Defendant

1  LoanCare, LLC regarding procedures for bringing the loan current and requests for loan

2  forbearance, but despite Plaintiff's submission of multiple requests and supporting paperwork, the

3  request for forbearance was denied. *See id.* ¶ 29-50. On June 27, 2023, the Property was

4  foreclosed upon and sold to a third party. *Id.* ¶ 51. The winning bid at the trustee sale was

5  $1,188,000. *Id.* Plaintiff alleges that the fair market value of the Property at the time of the

6  trustee sale was approximately $1,700,000. *Id.* According to the FAC, at the time of the

7  foreclosure sale, Defendant First Citizens Bank & Trust Company was the beneficiary under the

8  Deed of Trust and Defendant LoanCare, LLC was acting as the loan servicer on the Loan.

9  *Id.* ¶¶ 10-11.

10  Plaintiff along with multiple other individuals originally filed this lawsuit in Santa Clara

11  County Superior Court on June 14, 2023. Dkt. 1-1. Defendants removed the case to this Court on

12  April 17, 2025. Dkt. 1.[1] All Parties have consented to the jurisdiction of a magistrate judge.

13  Dkt. 6, 12.

14  Following removal, Defendants filed a motion to dismiss the original complaint on various

15  grounds. Dkt. 7. In the opposition brief, Plaintiff (along with parties who were co-plaintiffs at

16  that time) conceded that the original complaint, which was drafted by prior counsel, was not well-

17  drafted and requested leave to amend. Dkt. 9. The Court granted the motion to dismiss the

18  original complaint with leave to amend. Dkt. 16.

19  Plaintiff Amy Vera, now appearing as the sole Plaintiff, timely filed the FAC on June 11,

20  2025. Dkt. 17. Now before the Court is Defendants' motion to dismiss the FAC, which seeks

21  dismissal of all four claims in the FAC. Dkt. 19. The motion is fully briefed. Dkt. 19 (motion);

22  Dkt. 22 (opposition); Dkt. 24 (reply). The Court finds this matter suitable for determination

23  without a hearing. Civ. L.R. 7-1(b). For the reasons discussed below, the motion to dismiss is

24  **GRANTED IN PART WITHOUT LEAVE TO AMEND, GRANTED IN PART WITH**

25  **LEAVE TO AMEND, and DENIED IN PART.**

26

27  [1] According to the Notice of Removal, although the complaint was filed in state court on June 14, 2023, Defendants were not served with the state court complaint until March 19, 2025. Dkt. 1 ¶¶ 1-2.

28

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. REQUEST FOR JUDICIAL NOTICE

In support of the motion to dismiss the FAC, Defendants filed a request that the Court take judicial notice of various public records relating to the Property that were recorded in the Santa Clara County Recorder's Office. Dkt. 20 and Ex. 1-8 thereto. The Court may judicially notice a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b); *United States v. Bernal-Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). Exhibits 1-8 are government records and public documents, which the Court concludes are not subject to reasonable dispute and are proper subjects of judicial notice. *See Roca v. Wells Fargo Bank,* No. 15-cv-02147-KAW, 2015 WL 5698749, at *4 (N.D.

Cal. Sept. 29, 2015); *Lopez v. Wachovia Mortg.*, No. C 10-01645, 2012 WL 2836823, at *2 (N.D. Cal. 2010). Defendants' request for judicial notice of Exhibits 1-8 is therefore **GRANTED**.

Defendants also request that the Court take judicial notice of annual reports for the years 2022 and 2023 submitted by Defendant LoanCare to the California Department of Financial Protection and Innovation, which state the total number of LoanCare's foreclosures on real properties containing no more than four dwelling units that are located in California for those years. Dkt. 20 and Exs. 9 and 10 thereto. Exhibits 9 and 10 are properly the subject of judicial notice because they are in the public record. *See Alvarado v. 360 Mortgage Group, LLC*, No. 17-cv-4655-NC, 2017 WL 4647752, at *3 n.2 (N.D. Cal. Oct. 16, 2017) (taking notice of similar annual report). Defendants' request for judicial notice of Exhibits 9 and 10 is therefore **GRANTED**. However, the Court takes judicial notice of Exhibits 9 and 10 only as to the fact that the documents were filed and the existence of their contents. The Court declines to take judicial notice of the contents for the truth of the matters asserted because those facts are disputed. *See California Sportfishing Protection Alliance v. Shiloh Group, LLC*, 268 F. Sup. 3d 1029, 1038 (N.D. Cal. 2017).

**IV.   DISCUSSION**

The FAC contains four causes of action, all arising under California law: (1) common law wrongful foreclosure; (2) violation of California Civil Code § 2923.7; (3) violation of California Civil Code § 2923.6; and (4) violation of California Business & Professions Code § 16700. Dkt. 17.[2]  In the present motion, Defendant seeks dismissal of all causes of action on the grounds that Plaintiff has failed to allege the necessary elements of each cause of action. *See generally* Dkt. 19.

Except as noted below, there is little material dispute between the Parties regarding the

---

[2] The original complaint filed in state court included a claim under the federal Coronavirus Aid, Relief, and Economic Security ("CARES") Act. *See* Dkt. 1-1. In the Notice of Removal, Defendants asserted that this Court has subject matter jurisdiction under federal question jurisdiction due to inclusion of the CARES Act claim, as well as diversity jurisdiction. Dkt. 1 ¶¶ 5-6. Although the FAC no longer includes the federal CARES Act claim, Plaintiff does not dispute that diversity jurisdiction exists, and the Court finds no basis on the present record to conclude that diversity jurisdiction is lacking.

4

required elements of each cause of action; their dispute instead centers on whether Plaintiff has adequately pleaded those elements. *See generally* Dkt. 19, 22, 24. Accordingly, to promote judicial efficiency and provide useful guidance to the Parties, this order focuses primarily on the deficiencies in the FAC.

### A.     First Cause of Action (Wrongful Foreclosure)

Defendants argue that in order to state a claim for wrongful foreclosure, a plaintiff must allege (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a deed of trust, (2) the party challenging the sale was prejudiced or harmed, and (3) the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. Dkt. 19 at 5 (citing *Mattos v. Nationstar Mortgage, LLC*, No. 2:24-cv-02508, 2025 WL 1263985, at *4 (E.D. Cal. May 1, 2025)). According to Defendants, mere technical violations of the foreclosure process will not give rise to a wrongful foreclosure claim. Dkt. 19 at 5 (citing *Mattos*, 2025 WL 1263985, at *4). Defendants further argue that the plaintiff must establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale. Dkt. 19 at 5 (citing *Roque v. Suntrust Mortgage, Inc*., No. C-09-00040 RMW, 2010 WL 546896, at *4 (N.D. Cal. Feb. 10, 2010)). Defendants argue that the first cause of action should be dismissed because Plaintiff has failed to sufficiently allege: (1) facts to support the claim that there was an illegal, fraudulent, or willfully oppressive sale of real property; (2) facts to allege a credible tender of the amount of the secured indebtedness, or (3) that there was no breach of condition or failure of performance on the part of the mortgagor or trustee. Dkt. 19 at 6.

Plaintiff's first cause of action for wrongful foreclosure is **DISMISSED WITHOUT LEAVE TO AMEND** for the following reasons:

1. The first cause of action does not adequately allege an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a deed of trust. Plaintiff appears to agree that she must allege this element. *See* Dkt. 22 at 1-2. The FAC alleges that the foreclosure sale here was

illegal, fraudulent, or willfully oppressive because Defendants did "not provide a single point of contact for loss mitigation alternatives," "engag[ed] in dual tracking," "negligently process[ed] Plaintiff's request for loan forbearance," and "deni[ed] Plaintiff's appeal, with the use of erroneous information and conflicting requests for documentation." Dkt. 17 ¶ 53. These allegations appear to refer to Plaintiff's claim that Defendants violated the California Homeowner Bill of Rights ("HBOR"). HBOR prohibits practices such as dual tracking of loan modification and foreclosure procedures (Cal. Civ. C. § 2923.6) and requires the mortgage service to establish a single point of contact when the buyer request alternatives to foreclosure (Cal. Civ. C. § 2923.7). For the reasons discussed in section IV.B. below, Plaintiff's causes of action for HBOR violations fail to state a claim. Accordingly, those alleged HBOR violations do not support her claim that a wrongful foreclosure sale occurred. *See Mattos v. Nationstar Mortgage, LLC*, No. 2:24-cv-02508-DJC-DMC, 2025 WL 1263985, at * 4 (N.D. Cal. May 1, 2025). Moreover, Because "mere technical violations of the foreclosure process" do not give rise to a wrongful foreclosure claim, and because the plaintiff must "show both that there was a failure to comply with the procedural requirements for the foreclosure sale and that the irregularity prejudiced the plaintiff," more specific allegations are needed for Plaintiff to plausibly state her claim. *See Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1046 (N.D. Cal. 2023); *Haynish v. Bank of America, N.A.*, 284 F. Supp. 3d 1037, 1050-51 (N.D. Cal. 2018).

2. The first cause of action fails to adequately plead satisfaction of or an exception to the tender requirement. The Parties agree that one element of a claim for wrongful foreclosure is that the Plaintiff allege a credible tender of the amount of the secured indebtedness or an exception to the tender

rule. *See* Dkt. 19 at 5; Dkt. 22 at 2. The FAC does not identify a tender of the amount due on the Loan, and in her opposition to the motion to dismiss, Plaintiff does not identify any such tender. Instead, Plaintiff identifies exceptions to the tender rule as situations where: "(1) the underlying debt is void; (2) the foreclosure sale or trustee's deed is void on its face; (3) a counterclaim offsets the amount due; (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale; or (5) the foreclosure sale has not yet occurred." Dkt. 22 at 2 (citing *Chavez v. Indymac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1062 (2013)). Plaintiff argues that "application of the tender issue would not make sense because Plaintiff's claim is not to set aside a foreclosure that happened long ago (and the property has since re-sold), but rather her claim is to seek damages for the wrongful foreclosure," thus [i]t is a simple tort claim." Dkt. 22 at 2. However, the fact that Plaintiff seeks damages does not fall within any of the enumerated exceptions. Plaintiff admits that the foreclosure sale happened long ago (*id.*), so the exception for foreclosure sales that have not yet occurred does not apply. The FAC does not allege that the underlying debt is void or that the foreclosure sale or trustee's deed is void on its face. She has not alleged any counterclaims that would offset the amount due. And the FAC does not identify "specific circumstances" that would make it inequitable to enforce the debt.

3. The first cause of action fails to adequately plead that there was no breach or failure to perform on the part of the borrower. Plaintiff argues that there is a split in authority as to whether this is a required element of a claim for wrongful foreclosure. Dkt. 22 at 2-4. Plaintiff reasons that although it may make sense to require this element in some cases, "in a case where the cause of action is based on violations of the protections of law that exist when a loan is in default, to require that the loan not be in default would render

7

those protections of the law meaningless." *Id.* at 3.  Nevertheless, numerous courts in this District have held that a required element of a claim for wrongful foreclosure is that the borrower was not in breach. *See, e.g., Haynish*, 284 F. Supp. 3d at 1049; *see also Permito v. Wells Fargo Bank*, No. C-12-00545-YGR, 2012 WL 1380322, at *6 (N.D. Cal. Apr. 20, 2012) and cases cited therein.  This is true even in cases, like this one, where the wrongful foreclosure claim is premised on alleged violations of legal protections afforded to borrowers in default.  *See, e.g., Haynish*, 284 F. Supp. 3d at 1048-49 (dismissing claim for wrongful foreclosure where home was sold while a modification was pending and bank allegedly failed to provide notice that foreclosure sale had been postponed).

4. The Court grants the motion to dismiss the first cause of action **WITHOUT LEAVE TO AMEND**.  Plaintiff has already amended the complaint once and still does not allege facts that support the required elements of a wrongful foreclosure cause of action, nor has she sufficiently identified additional amendments that would cure the defects in this cause of action.  Accordingly, any further attempt to amend this cause of action would be futile.

**B.     Second and Third Causes of Action (Violations of California Civil Code §§ 2923.6 and 2923.7)**

The second and third causes of action in the FAC claim violations of California Civil Code §§ 2923.7 and 2923.6, respectively.  Dkt. 17 at ¶¶ 59-80.  Those provisions are part of the California Homeowner Bill of Rights ("HBOR").   The HBOR "provide[s] protections for homeowners facing non-judicial foreclosures and reform[s] aspects of the foreclosure process." *Warren v. PNC Bank Nat'l Ass'n*, 671 F. Supp. 3d 1035, 1042 (N.D. Cal. 2023) (citation omitted).  Section 2923.6 is part of HBOR and bars dual tracking.  *See, e.g.*, Cal. Civ. Code § 2923.6(c) (providing that, "[i]f a borrower submits a complete application for a first lien modification ... at least five business days before a scheduled foreclosure sale, a mortgage servicer

1  ... or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's
2  sale, while the complete first lien loan modification application is still pending"). Section 2923.7
3  is also part of HBOR and relates to a single point of contact ("SPOC"). *See, e.g.*, *id.* § 2923.7(a)
4  (providing that, "[w]hen a borrower requests a foreclosure prevention alternative, the mortgage
5  service shall promptly establish a single point of contact and provide to the borrower one or more
6  direct means of communication with the single point of contact").

Defendants argue that the second and third causes of action should be dismissed because: (1) Plaintiff has failed to sufficiently allege that she is a "borrower" who has standing to bring a claim under these HBOR provisions; (2) LoanCare is a small mortgage servicer that is not subject to HBOR requirements; and (3) the alleged HBOR violations are not material and therefore are not actionable. Dkt. 19 at 6-10. Plaintiff's second and third causes of action are **DISMISSED WITH LEAVE TO AMEND** for the following reasons:

1. Defendants argue, and Plaintiff does not disagree, that to bring a claim under these sections of HBOR, Plaintiff must be a "borrower" within the meaning of the statute. *See* Dkt. 19 at 7-9; Dkt. 22 at 4-5. Where the Parties disagree is on the issue of whether Plaintiff has adequately alleged that she is a borrower. *Id.*

   a. Sections 2923.6 and 2923.7 extend certain rights to "borrowers." California Civil Code § 2920.5(c)(1) defines "borrower" as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer."

   b. Plaintiff's claim to the Property is neither as a "natural person" nor as a "mortgagor or trustor." The Loan here was initially taken out by "Ia Vepa Saipaia and Louise Saipaia Trustees of The Saipaia Family Trust dated October 24, 2004." Dkt. 17 ¶ 4. Plaintiff is a Successor Trustee under the trust. *Id.* ¶ 5. "Although [plaintiff] is a

9

1 natural person, [her] claim to the property is as trustee of the Trust"
2 and "[a] trust is not a natural person under HBOR." *Vanisi v.*
3 *Citibank, N.A.*, No. 23-CV-02835-RFL, 2024 WL 1091196, at *1
4 (N.D. Cal. Feb. 26, 2024); *see also Pae v. Select Portfolio Servicing,*
5 *Inc.*, No. 15-CV-01132-BLF, 2016 WL 7664286, at *4 (N.D. Cal.
6 Jan. 5, 2016) (reviewing the legislative history and determining that
7 the "Legislature made the clear choice to limit who can bring HBOR
8 lawsuits under the current version of the statute"). Because the
9 Legislature chose to create this gap in HBOR concerning properties
10 held in trusts, it is up to the Legislature alone to change the law to
11 fill that gap, not the courts. *Vanisi,* 2024 WL 1091196, at *1.
12 Moreover, because Plaintiff did not take out the mortgage or
13 establish the trust, she "is also not a mortgagor or trustor." *Id.*; *see*
14 *also Van Zandt v. Select Portfolio Servicing, Inc.*, No. C-15-0430
15 MMC, 2015 WL 574357, at *2 (N.D. Cal. Feb. 10, 2015).
16    c. At one time, California Civil Code § 2920.7 provided a successor in
17 interest with rights under HBOR. *Mazzone-Urie v. OneWest Bank*
18 *FSB*, No. 21-CV-06075-EMC, 2024 WL 4894288, at *6–7 (N.D.
19 Cal. Nov. 25, 2024). However, section 2920.7 was repealed in
20 January 2020. *Mazzone-Urie*, 2024 WL 4894288, at *6–7. The
21 repeal of that provision precludes a successor's HBOR claim for
22 dual tracking or for violation of the single point of contact
23 requirement. *Id.*[3]

---

[3] The Court applies the version of the HBOR statutes in effect at the time the events relevant to this case transpired. *See Peralta v. Shellpoint Mortgage, LLC*, No. A161437, 2022 WL 2353375, at *2 (Cal. Ct. App. June 30, 2022). The events underlying Plaintiff's HBOR claims occurred in 2022 and 2023. *See* Dkt. 17 ¶¶ 19-51.

      2.    Having concluded that Plaintiff has failed to plausibly allege that she is a borrower under California Civil Code §§ 2923.6 and 2923.7, the Court does not reach Defendants' other arguments as to why the second and third causes of action should be dismissed.

### C. Fourth Cause of Action (Violation of California Business & Professions Code § 17200)

Plaintiff's fourth cause of action, which alleges that Defendants engaged in unlawful, unfair, or fraudulent business practices in violation of California Business & Professions Code § 17200 (the "UCL claim"), is predicated on two underlying theories: (1) Defendants' alleged violation of or failure to comply with the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") (Dkt. 17 ¶¶ 82-85), and (2) Defendants' alleged HBOR violations (*id.* ¶ 86). Although Plaintiff's original complaint contained a cause of action for violation of the CARES Act, the FAC does not. *Compare* Dkt. 1, 17. In the FAC, Plaintiff concedes that there is no private right of action under that statute, but she asserts that a section 17200 violation nevertheless can be predicated on the CARES Act. Dkt. 17 ¶ 89.

Defendants' opening brief on its motion to dismiss the UCL claim set forth only the following argument: "Because the fourth cause of action for violation of the Business & Professions Code is predicated on other causes of action, this cause of action should fail for the same reasons the other causes of action would fail." Dkt. 19 at 10. As discussed above, Plaintiffs' HBOR claims fail to state a claim and are dismissed with leave to amend. Accordingly, to the extent Plaintiff's UCL claim is based on violations of HBOR provisions, it is **DISMISSED WITH LEAVE TO AMEND.**

However, to the extent Plaintiff's UCL claim is based on alleged violations of or failure to comply with the CARES Act, Defendants' motion to dismiss did not adequately give notice to Plaintiff that Defendants were seeking to dismiss the UCL claim on the basis that the CARES Act does not apply to the Loan at issue or that Defendants were making other arguments as to why the CARES Act cannot serve as the predicate for Plaintiff's UCL claim. Although Defendants' reply contains extensive argument on those issues (*see* Dkt. 24 at 6-8), the Court "need not consider

arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Accordingly, Defendants motion to dismiss the UCL claim to the extent it is based on the CARES Act is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

1. Defendants' motion to dismiss the first (wrongful foreclosure) cause of action in the FAC is **GRANTED WITHOUT LEAVE TO AMEND**.
2. Defendants' motion to dismiss the second and third (HBOR violations) cause of action in the FAC is **GRANTED WITH LEAVE TO AMEND**.
3. Defendants' motion to dismiss the fourth (UCL) cause of action in the FAC is **GRANTED WITH LEAVE TO AMEND** to the extent the UCL claim is based on HBOR violations and **DENIED** to the extent the UCL claim is based on the CARES Act.
4. If Plaintiff has a proper basis to believe that further amendments will address the deficiencies identified in this order, she may file a Second Amended Complaint ("SAC") no later than **November 26, 2025.** The SAC must attach as an exhibit a redline comparing the SAC to the FAC.
5. Defendants must file a response to the SAC no later than **fourteen (14) days** after the SAC is filed.
6. If Defendant responds by filing a motion to dismiss the SAC, the normal briefing schedule of Civil Local Rule 7-3 will apply. The Court will inform the Parties if a hearing is necessary.
7. An Initial Case Management Conference will be held on **February 10, 2026 at 9:30 a.m.**, with a Joint Case Management Statement due on **February 3, 2026**.

**SO ORDERED.**

Dated: November 6, 2025

SUSAN VAN KEULEN
United States Magistrate Judge